UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Prinscillia Sumpter
Petitioner,

v.

Community Options Inc
Respondent.

Motion to Vacate Arbitration Award

Case No: 2:25-13173-DCN-MGB

COMES NOW, Petitioner Prinscillia Sumpter, Under the Federal Arbitration Act – 9 U.S.C. § 10 pursuant to 9 U.S.C. § 10(a)(2), (3), and (4), South Carolina Uniform Arbitration Act, Petitioner respectfully moves this Court to vacate the arbitration award issued in this matter on August 1, 2025, and in support thereof states as follows:

## I. BACKGROUND

1. Petitioner was employed by Respondent as a Program Manager and was wrongfully terminated on or about August 2, 2021.
2. Petitioner filed claims against Respondent alleging violations of the Americans with Disabilities Act (ADA), including failure to accommodate, disability discrimination and wrongful termination.
3. Pursuant to a mandatory arbitration clause, a binding arbitration hearing was held before Arbitrator Sherri Kimmell on April 29, 2025 and April 30, 2025.
4. On August 1, 2025, the Arbitrator issued a final award in favor of Respondent.

## II. GROUNDS FOR VACATUR

Petitioner moves to vacate the arbitration award on the following grounds:

A. Impartiality and procedural unfairness. – Undisclosed payments made by Respondent violates (9 U.S.C. § 10(a)(2))

1

Arbitrator failed to disclose compensation miscellaneous items. Petitioner was issued a notice of invoice on 05-01-2025 after Arbitrator submitted bills for payment to Respondent, Petitioner included file date to support notice upload in file on 05/01/2025 after hearing. Respondent's paid for Arbitrators airfare, hotel, uber transportations and meals without disclosing this to Claimant. Arbitrator demanded payment from Respondent prior to award, and Arbitrator pushed back the filing of post-hearing for 90 days without a motion or request from either party until she was reimbursed. Claimant learned of reimbursement claim after hearing and before Arbitrator issued her award. Claimant became aware in email informing her that Arbitrator was requesting refund for charges after hearing. Claimants was left out of any decisions involving the finances being paid to Arbitrator.

This conduct violates the standard set forth in Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145 (1968), which requires arbitrators to disclose all dealings that might create even an appearance of bias. The failure to disclose a financial relationship creates evident partiality, mandating vacatur under § 10(a)(2).

### B. Arbitrator Misconduct – Ignoring Material Evidence

(9 U.S.C. § 10(a)(3))

Arbitrator ignored false investigation and material evidence. Petitioner submitted substantial evidence disproving Respondent's internal investigation, which formed the basis of its defense.

This included:

- Contradictory internal emails;
- Medical records supporting accommodation;
- Documentation of remote work approval;
- Evidence of disparate treatment of other disabled employees.
- Petitioner provided testimony to support Respondent submitted a false internal investigation report.

Respondent submitted an investigation reported indicating an employee submitted such allegations. Claimant had employee as a witness who clearly denied making allegation Respondent was alleging, arbitrator admitted false allegation into the records and dismissed Claimants wrongful termination claim during hearing process.

The Arbitrator ignored factual false evidence and Petitioners witnesses without explanation and adopted Respondent's version of events based solely on an unsubstantiated investigation. This constitutes arbitrator misconduct under § 10(a)(3). This conduct violates standards set forth in Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16 (2d Cir. 1997); Hoteles Condado Beach v. Union de Tronquistas, 763 F.2d 34 (1st Cir. 1985);

2

Procedural Unfairness- Respondent explicitly agreed to record the hearing and led the Claimant to reasonably believe it was being recorded, Respondent purposely used misrepresentation. Claimant did not take detail notes because she was relying on recording because she did not trust the lady transcribing due to errors in her previous deposition transcript. there was a mutual agreement that the hearing would be recorded by all parties to include the Arbitrator in pretrial conference. A tape recorder was present and, on the table, and set up to record, Respondent claimed proceeding did not record after hearing.

### C. Arbitrator Exceeded Authority – Ignored Governing ADA Law- Violation of the Americans with Disabilities Act (ADA)

(9 U.S.C. § 10(a)(4); Gulf Coast Indus. Workers Union v. Exxon Co., 70 F.3d 847 (5th Cir. 1995))

The Arbitrator exceeded the scope of their authority by:

- Failing to apply the clear requirements of the ADA regarding the interactive process (42 U.S.C. § 12112(b)(5)(A));
- Ignoring EEOC guidance and relevant precedent (e.g., EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606 (5th Cir. 2009));
- Overlooking Respondent's policy violations and admissions.
- Arbitrator ignored evidence to support unilateral decision to force Petitioner on FMLA, which is violation of ADA failure to accommodate law.

As in Gulf Coast, the Arbitrator disregarded clear legal obligations and issued an award untethered from law and fact, exceeding the authority granted.

### D. Fraud or Undue Means (9 U.S.C. § 10(a)(1))

- The opposing party committed fraud during arbitration and it affected the outcome. A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401 (9th Cir. 1992)
- Respondent submitted fraudulent investigation in an attempt to justify wrongful termination.
- After testimony was given to validate Respondent report was fraudulent, Arbitrator ignored fact and still ruled in favor of Respondent cited Claimant did not support claim of wrongful termination and dismissed claim during hearing.

Summary

Plaintiff is aware this arbitration is binding, however under The Federal Arbitration Act (FAA) provides exclusive reasons for which a court may "vacate," or cancel, an award. These reasons focus on the fairness of the process, not on whether the arbitrator made a factual or legal error. Plaintiff file this motion to vacate based on the following grounds.

- Respondent party submitted falsified evidence that influenced the outcome.

- There an undisclosed financial relationship with Respondent and Arbitrator that was not revealed until after the hearing. Respondent paid for Arbitrator's hotel, meals, uber transportation and plane tickets to attend hearing without notifying Plaintiff, and these transactions where discussed without the Plaintiff knowledge or involvement.

- The arbitrator exceeded their powers by deciding on an issue that was not submitted to them by the parties. Respondents violated ADA laws, they did not provide evidence to dispute unilateral decision to force Respondent on FMLA, however Arbitrator legal analysis outlined issues that was not part of what the Respondent submitted

### III. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Vacate the arbitration award issued on August 1, 2025;
2. Remand the matter for a new arbitration before a neutral arbitrator or permit the matter to proceed in court;
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
Prinscillia Sumpter/Pettioner
Post Office Box 9
Russellville, SC 29476
843-459-6886
prinscilliasumpter3712@yahoo.com

4